

United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Alex Anderson, Jr., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-21676-Civ-Scola |
| | ) |
| Social Security Administration | ) |
| Representative and others, | ) |
| Defendants. | ) |

## Order

This matter is before the Court upon *pro se* Plaintiff Alex Anderson, Jr.'s motion for leave to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **dismisses without prejudice** Anderson's complaint, **with leave to amend**. (**ECF No. 1**.) Moreover, the Court **denies without prejudice** Phillip's motion for leave to proceed *in forma pauperis* (**ECF No. 3**) and **denies without prejudice** Anderson's motion for a preliminary injunction (**ECF No. 4**).

### 1. Background

On May 9, 2022, Alex Anderson, Jr. visited a Social Security Administration office in Miami to address an issue with his supplemental security income. (ECF No. 1 at 8–11.) Once his ticket number was called, he approached the counter, but, soon after, an announcement was made over the PA system requesting security, who promptly asked Anderson to leave. (*Id.* at 12–13.) When Anderson asked to speak to a supervisor, a second security guard arrived and carried three bags that belonged to Anderson outside. (*Id.* at 14.) Anderson believes that he was asked to leave because he is homeless. (*Id.* at 16.) In all, these events made Anderson "feel small, mortified, demean[ed], debased, and to lose face." (*Id.* at 14.)

Anderson now brings "claims of First Amendment rights of access to the court; U.S. Constitutional rights under the 14th Amendment Rights of due process and equal protection of laws," and "the Eight Amendment prohibition of cruel and unus[u]al punishment." (*Id.* at 4–5.) Anderson seeks $75,000 in damages. (*Id.* at 18.)

### 2. Legal Standard

28 U.S.C. § 1915(e)(2)(B) provides that a district court must dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A claim "is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Moreover, a court must apply the familiar *Twombly* standard to determine whether the complaint fails to state a claim. *See Hilderbrandt v. Butts*, 550 F. App'x 697, 699 (11th Cir. 2013) ("A complaint states a claim if it contains enough factual allegations to raise a right to relief 'above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While courts must "liberally construe pro se pleadings," courts cannot rewrite a deficient pleading that fails to state a claim. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). And while courts must "accept as true all" well-pled allegations, a court need not accept conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### 3. Analysis

The Court finds that Anderson fails to state a claim. The crux of Anderson's claim appears to be that he was asked to leave a public building because he is homeless.[1] However, he has alleged no cognizable constitutional violations.

First, Anderson's First Amendment claim fails to state a claim. While the basis of this claim is not clear, the Court construes Anderson's motion as complaining of his removal from government property.[2] However, "[t]he Government's ownership of property does not automatically open that property to the public." *United States v. Kokinda*, 497 U.S. 720, 725 (1990). Rather, "[t]he existence of a right of access to public property and the standard by which limitations upon such a right must be evaluated differ depending on the character of the property at issue." *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 44 (1983). The public property at issue here—a government office building—is a "nonpublic forum . . . which is not by tradition or designation a forum for public communications[.]" *See Crowder v. Hous. Auth. of City of Atlanta*, 990 F.2d 586, 591 (11th Cir. 1993); *cf. Watkins v. U.S. Postal*

---

[1] The Court notes that Anderson does not allege that he was physically injured or physically touched in any way.

[2] Anderson's motion states that his First Amendment claim is based on his "rights of access to the court." (ECF No. 1 at 5.) As Anderson never alleges that he was denied access to a court, the Court construes this claim as referring to denial of access to the Social Security Administration building.

*Emp.*, 611 F. App'x 549, 552 (11th Cir. 2015) (holding that the post office is a "nonpublic forum" because "the principal purpose of the post office is not the 'free exchange of ideas'") (quoting *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 800, 802 (1985)). Therefore, as Anderson challenges his denial of access to a nonpublic forum, any restriction on access is examined only "for reasonableness and viewpoint neutrality." *See Watkins*, 611 F. App'x at 552.

However, Anderson has not alleged facts to permit the Court to determine whether he was denied access or whether he voluntarily left after being asked to do so. Rather, Anderson's complaint only provides conclusory assertions that he was asked to leave the building because he is homeless. (ECF No. 1 at 16.) Such conclusory assertions, without any supporting facts, cannot be accepted as true. *See Iqbal*, 556 U.S. at 678–79. Therefore, Anderson has failed to state a claim.

Second, Anderson's due process claim similarly fails to state a claim. "The Due Process Clause requires 'that a deprivation of life, liberty or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (quoting *Cleveland Brd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). However, Anderson has not alleged any deprivation of life, liberty, or property. As discussed above, as Anderson has no general constitutional right to access the nonpublic Social Security Administration office, he does not allege a deprivation of any liberty interest in accessing public property. *See Catron*, 658 F.3d at 1266 (holding that individuals only have a "protected liberty interest to be . . . [on] city lands of their choosing that are open to the public generally"). Moreover, at most, Anderson alleges that a security guard carried his property outside—this momentary curtailment of his property is insufficient to state a claim under the Due Process Clause. *See Fuentes v. Shevin*, 407 U.S. 67, 86 (1972) (holding that only a "significant taking of property by the State is within the purview of the Due Process Clause"); *see also Peterman v. Coleman*, 764 F.2d 1416, 1419 (11th Cir. 1985) (holding that a "temporary curtailment" of one's possession over property did not violate the Due Process Clause).[3]

Third, Anderson's equal protection claim also fails. To plead a violation of the right to equal protection, plaintiffs must allege that they are (1) "similarly situated with other persons who received more favorable treatment" and (2) the "discriminatory treatment was based on some constitutionally protected interest, such as race." *Mann v. Joseph*, 805 F. App'x 779, 785 (11th Cir. 2020)

---

[3] It does not appear that Anderson alleges that the Defendants deprived him of any right to his supplemental security income. The Court notes that Anderson is pursuing separate claims regarding his supplemental security income in an earlier-filed action in this District, *see Anderson v. Kijakazi et al.*, 22-cv-20900-BB (S.D. Fla.).

(quoting *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001)). While Anderson alleges that he was asked to leave because he is homeless, homelessness is not a constitutionally protected class. *See Joel v. City of Orlando*, 232 F.3d 1353, 1357 (11th Cir. 2000) ("Homeless persons are not a suspect class[.]"). Moreover, Anderson makes no attempt to allege the way in which he was similarly situated with any other individuals who received more favorable treatment. For these reasons, Anderson fails to state a claim under the Equal Protection Clause.

Last, Anderson's Eighth Amendment claim plainly fails as a matter of law. The Eighth Amendment has no application here, as it only "governs the treatment a prisoner receives in prison and the conditions under which he is confined." *Jenkins v. Campbell*, No. 2:09-cv-513, 2010 WL 11623024, at *2 (M.D. Fla. Oct. 28, 2010); *see also Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (holding that the Eighth Amendment "was designed to protected those convicted of crimes"). Anderson does not allege that he has been convicted, let alone arrested, and therefore his Eighth Amendment claim has no merit. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

Because Anderson has failed to state a claim, the Court **dismisses** Anderson's complaint. (**ECF No. 1**.) Anderson may file an amended complaint addressing these deficiencies on or before **June 24, 2022**. If Anderson does not file an amended complaint by that date, his complaint will be dismissed without further leave to amend. Moreover, the Court **denies without prejudice** Anderson's motion for leave to proceed *in forma pauperis* (**ECF No. 3**) and **denies without prejudice** Anderson's motion for a preliminary injunction (**ECF No. 4**). Anderson may renew his motions if and when he files an amended complaint.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions are **denied as moot**.

**Done and ordered**, in Miami, Florida, on June 7, 2022.

Robert N. Scola, Jr.
United States District Judge

*Copy via U.S. mail to*:
Alex Anderson, Jr.
1603 NW 7th Avenue
Miami, FL 33136